UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
VERNICE LALDEE,

              Plaintiff,

    -against-

THE CITY OF NEW YORK,
POLICE OFFICER KOREN STEWART (TAX 947518)
and JOHN DOE,

              Defendants.
------------------------------------X

CV 14-5140

COMPLAINT

GARAUFIS, J.

LEVY, M.J.

PLAINTIFF DEMANDS A TRIAL BY JURY

       Plaintiff, Vernice Laldee, by her attorneys, Reibman & Weiner, as and for her Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

       1.     At all times hereinafter mentioned, plaintiff Vernice Laldee was an adult female resident of Kings County, within the State of New York.

       2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

       3.     At all relevant times hereinafter mentioned, defendant Stewart (Tax 947518), was an adult female employed by the City of New York as a member of the NYPD assigned to the 77th Precinct. Defendant Stewart is sued herein in her official and individual capacities.

1

4. At all relevant times hereinafter mentioned, defendant John Doe, was an adult male employed by the City of New York as a member of the NYPD whose identity is unknown. The Doe defendant is sued herein in his official and individual capacities.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7. On September 9, 2011 (the "Date of the Arrest"), at about 3:30 a.m., plaintiff was lawfully present inside of her apartment located at 161 Utica Avenue, County of Kings City and State of New York (the "Scene of the Arrest").

8. At or about this time, the individual defendants arrived on duty and in uniform.

9. Approximately an hour prior to the defendants' arrival at the Scene of the Arrest, plaintiff dialed 911 and asked for assistance for her 16 year-old son who was threatening to kill himself.

10. Upon information and belief, an ambulance was not dispatched to the Scene of the Arrest and, in any event, to plaintiff's knowledge, an ambulance did not arrive to the Scene of the Arrest in response to her call.

11. Rather, the defendants arrived at approximately 3:30 a.m. and began speaking to plaintiff's son, who was sitting in the lobby of 161 Utica Avenue.

2

12. At this time, Ms. Laldee exited her apartment unit, entered the lobby of the building and saw the defendants approach her son, throw him to the ground, causing him to hit his head.

13. In response, Ms. Laldee stated, in sum and substance, that she was going to video record the incident.

14. Without any legal justification or excuse, the defendants then asked plaintiff to step outside of the lobby and onto the sidewalk of the building, to which she complied.

15. Plaintiff was not engaged in any suspicious or illegal activity and there was no legal basis or justification for the defendants to approach and detain plaintiff or to subject her to any force, much less the force actually employed.

16. Despite the absence of any evidence of wrongdoing on the part of plaintiff, the defendants searched plaintiff.

17. The search yielded no evidence of any guns, drugs, or contraband.

18. Without any explanation or justification, the defendant Stewart applied excessively tight handcuffs to plaintiff and formally arrested her.

19. At no time did plaintiff resist arrest or engage in any violent or threatening behavior.

20. At no time did there exist any basis to utilize any level of force against Ms. Laldee, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

21. Plaintiff was not engaged in any unlawful or suspicious activity, and

3

repeatedly asked the defendants why they were arresting her, and she received no response.

22. The decision to arrest plaintiff was objectively unreasonable under the circumstances.

23. At no time did there exist sufficient cause to seize or arrest plaintiff, nor could the defendants have reasonably believed that such cause existed.

24. Plaintiff was then transported to a local area precinct believed to be the 77th Precinct, where she was held for several hours before she was transferred to Kings County Central Booking, where she was held for several more hours.

25. Plaintiff was eventually arraigned on a criminal complaint containing false allegations sworn to by defendant Stewart.

26. Plaintiff was prosecuted for approximately eight months pursuant to these false allegations before the charges against her were dismissed when she acceded to an adjournment in contemplation of dismissal.

27. The allegations provided by defendant Stewart in support of the criminal complaint were false and she knew they were false when she made them.

28. The factual allegations sworn to by defendant Stewart against plaintiff were materially false and deliberately made to justify the illegal arrest and assault by defendants against plaintiff.

29. At no time did there exist any basis to arrest plaintiff, nor could any of the defendants have reasonably believed that there was a justification to do so.

30. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

31. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

32. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION

33. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

34. At no time did defendants have any legal basis for arresting or imprisoning plaintiff, commencing criminal process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

35. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

36. By so doing, the individual defendants, individually and collectively, subjected plaintiff to false arrest and imprisonment, unlawful searches of person and property, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

37. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish,

5

incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

38. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

39. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

40. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

41. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

42. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

43. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

   a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

   b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

   c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

   d. Retaliating against officers who report police misconduct; and

   e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

44. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following, non-exhaustive list of civil actions:

   a. *Thompson v. City of New York*, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.)

   b. *Lotorto v. City of New York*, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

   c. *Zabala v. City of New York*, 37711/2010 (Sup. Ct., Kings Co.);

   d. *Ashe v. City of New York*, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

   e. *Long v. City of New York*, 09-CV-9216 (AKH) (S.D.N.Y.);

7

f. *Moise v. City of New York,* 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g. *Taylor-Mickens v. City of New York,* 09-CV-7923 (RWS) (SD.N.Y.);

h. *Carmody v. City of New York,* 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 83207;

i. *McMillan v. City of New York,* 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j. *Avent v. City of New York,* 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k. *Smith v. City of New York,* 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l. *Powers v. City of New York,* 04-CV-2246 (NGG) (E.D.N.Y.);

m. *Dotson v. City of New York,* 03-CV-2136 (RMB) (S.D.N.Y.);

n. *Nonnemann v. City of New York,* 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);

o. *Richardson v. City of New York,* 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p. *Barry v. New York City Police Department,* 01-CV-10627 (CBM) (S.D.N.Y.);

q. *Walton v. Safir,* 99-CV-4430 (AKH) (S.D.N.Y.);

r. *White-Ruiz v. The City of New York,* 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s. *Ariza v. City of New York,* 93-CV-5287 (CPS) (E.D.N.Y.);

45. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

46. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

47. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

48. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the causes of action one and two actual and punitive damages in an amount to be determined at trial;

    ii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iii.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
        August 29, 2014

By: _____
Jessica Massimi (JM-2920)
Reibman & Weiner
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
718-522-1743